UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MICHELLE ROBINSON,                              :
Parent and next of friend,                      :
C.R., a minor                                   :
                                                :
909 4th Street, N.E.                            :
Washington, DC 20002                            :
Plaintiff                                       :
                                                :
            v.                                  :
                                                :
DISTRICT OF COLUMBIA                            :   Civil Action No:07-CV-00005-RMU
A Municipal Corporation                         :
One Judiciary Square                            :
441 Fourth Street, N. W.                        :
Washington, D.C. 20001                          :
                                                :
serve:                                          :
ADRIAN FENTY, Mayor                             :
District of Columbia                            :
1350 Pennsylvania Avenue, N. W., 5th Fl.        :
Washington, D.C. 20002                          :
                                                :
LINDA SINGER                                    :
Interim Attorney General                        :
1350 Pennsylvania Avenue, N. W., Ste. 409       :
Washington, D.C. 20004                          :
            and                                 :
                                                :
DR. CLIFFORD JANEY(officially)                  :
Superintendent, D.C. Public Schools             :
825 North Capitol St., N. E., Suite 9026        :
Washington, D.C. 20002                          :
                                                :
**Defendants**                                  :

## FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, INJUNCTIVE AND OTHER RELIEF

**COMES NOW**, the Plaintiff, by and through their attorneys, Tilman L. Gerald, Roxanne D. Neloms, and the Law Offices of James E. Brown & Associates, P.L.L.C, and respectfully unto this Honorable Court as follows that:

### JURISDICTION

1. This Court has jurisdiction pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C Sections 1400-1461, 29 U.S.C. Sections 794; 28 U.S.C. Section 1331 and 1343 and 5 D.C. Municipal Regs. Sections 3000.1 et seq.

2. Declaratory relief is authorized by 28 U.S.C Sections 2201 and 2202.

3. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391.

### PARTIES

4. Michelle Robinson is the parent and next of friend of Courtney Robinson, a minor, and hereinafter "C.R." initiate this cause of action.

5. C.R.'s birth year is 1995 and at all times relevant to the filing of this suit, resides in the District of Columbia.

6. Defendant, District of Columbia Government is a municipal corporation that receives federal funds pursuant to the Individuals with Disabilities Education Improvement Act ("IDEIA"), to ensure access to a free and appropriate education ("FAPE") and is obligated to comply with the applicable federal regulations and statutes including but not limited to the IDEIA.

7. Defendant, Clifford B. Janey, Ed. D, being sued in his official capacity as the

Superintendent of the District of Columbia Public School System ("DCPS") which is the State Educational Agency ("SEA"), charged with responsibility of ensuring that all disabled children in the District of Columbia receive access to a free and appropriate public education "FAPE" and to ensure them equal protection and due process of law.

## FACTUAL BACKGROUND

8. C.R. has been identified as a learning disabled student within the District of Columbia Public Schools System.

9. C.R.'s November 29, 2004 IEP provided for fifteen (15) hours of specialized instruction, thirty(30) minutes of speech and language services, and one hour and fifteen minutes of psychological consultation on a weekly basis. *See Exhibit November 2004 IEP.*

10. At the November 2, 2005 Multi-disciplinary Team (MDT) meeting, the MDT reduced the number hours of specialized instruction C.R. was to receive even though the Plaintiff stated that she had concerns regarding C.R.'s academic progress in math. *See Exhibit November 2005 IEP.*

11. The MDT also failed to address C.R.'s entitlement to Extended School Year Services and failed to reconvene after that time to determine her entitlement as well. *Id.*

12. Counsel for the Plaintiff forwarded a letter to the Special Education Coordinator, Ms. Hart, on July 14, 2006 verification that documentation C.R. that received her speech language and counseling services as specified in November 2005 IEP. *See Exhibit July 14, 2006 Letter.*

13. Simultaneously, an administrative due process hearing request was filed alleging that the Defendant 1) failed to discuss C.R.'s entitlement to Extended School Year services; 2) failed to provide related services in speech language and counseling ; and further alleged 3) that this acts resulted in C.R. being denied access to a free and appropriate education. *See Exhibit July 2006 Administrative Due Process Hearing Request.*

14. At all times pertinent hereto, the Defendant never denied its failure to provide the services that were specified on C.R.'s IEP.

15. At the October 3, 2006 hearing, Hearing Officer Frederick Woods granted the Defendant's motion for a directed finding and further reshaped the issue as "Did DCPS violate the Individuals with Disabilities Education Improvement Act (IDEIA) at 20 U.S.C 14000 et seq. and deny C.R. a Free and Appropriate Public Education (FAPE) by failing to develop and implement a Compensatory Education Plan for C.R.?" *See Exhibit October 2006 Hearing Officer's Determination.*

16. Hearing Officer Frederick Woods opined that since the Defendant stated it would double the services at a July 2006 Resolution Meeting that the Defendant met its obligation and the parent had no right to continue with her administrative due process hearing request. *Id.*

## COUNT I

### THE HEARING OFFICER EXCEEDED THE SCOPE OF HIS AUTHORITY WHEN HE GRANTED THE DEFENDANT'S MOTION FOR A DIRECT VERDICT.

17. The Plaintiff's re-allege paragraphs 1-16.

18. That at the conclusion of the Plaintiff's case the defendant moved for a directed finding on the grounds that the Plaintiff had been offered settlement at a resolution meeting.

19. That the Plaintiff did not accept the offer of settlement tendered by the Defendant at the Resolution meeting because the offer did not resolve her complaint to her satisfaction.

20. That at the September 20, 2006 administrative due process hearing the Hearing Officer reshaped the issues that were presented in the July 14, 2006 administrative due process complaint. *See October 3, 2006 Hearing Officer's Determination.*

21. That the Plaintiff alleged that the Defendant denied C.R. access to a free and appropriate education when it did not provide the related services of speech and language as specified on C.R.'s IEP. *See July 14, 2006 Administrative Due Process Complaint.*

22. That the Defendant moved for a directed verdict and without hearing the Defendant's case and chief, Hearing Officer Woods granted the motion.

23. That in the Hearing Officer opined that because the Defendant agreed that it would double the services the Defendant no longer had to answer to its failure of providing related services throughout the school years.

24. That he also concluded that based on the issue he crafted, regarding compensatory education services, the Plaintiff could not sustain her burden.

25. That the Hearing Officer failed to address the issue of whether the Defendant provided C.R. with the specialized instruction and related services as indicated on her IEP.

26. That the Hearing Officer can not force the Plaintiff to accept an offer of settlement that doesn't resolve her complaint to her satisfaction.

27. That the Plaintiff presented sufficient evidence in its case and chief to demonstrate that the Defendant failed to provide C.R. with specialized instruction and related services.

28. That the Defendant did not meet its burden of proof as it failed to demonstrate why the motion should be granted.

### COUNT II

### HEARING OFFICER EXCEEDED THE SCOPE OF HIS AUTHORITY WHEN HE DETERMINED THAT THE PARENT WAS OBLIGATED TO ACCEPT THE OFFER OF SETTLEMENT FROM THE DEFENDANT.

29. The Plaintiff re-alleges paragraphs 1-28.

30. Evidence of record demonstrated that C.R.'s IEP had not been implemented as the services had not been provided and that C.R.'s IEP remained the same from one year to the next.

31. The October 2006 Hearing Officer's Determination claimed that the parent reached an agreement in July 2006 with the Defendant and the Plaintiff was at fault because she failed to work with the Defendant to effectuate that agreement of providing make-up services for C.R.

32. In addition, he claimed that the Plaintiff did not meet her burden because she presented no evidence about "the sought for Compensatory Education services were 'reasonably calculated to provide the educational benefits that likely would have accrued from special education services the school district should have supplied in the first place.'"

## COUNT III

### HEARING OFFICER EXCEEDED THE SCOPE OF HIS AUTHORITY WHEN HE FAILED TO ADDRESS THE ISSUES PRESENT IN THE PLAINTIFF'S ADMINISTRATIVE DUE PROCESS HEARING REQUEST.

33. The Plaintiff re-alleges paragraphs 1-33.

34. In the July 2006 administrative due process hearing request, the Plaintiff alleged that the Defendant 1) failed to discuss C.R.'s entitlement to Extended School Year Services; 2) failed to provide related services in speech language services and counseling services; and 3) that this acts resulted in C.R. being denied access to a free and appropriate education.

35. The October 2006 HOD further failed to address that reasons the Defendant only provided C.R. with six (6) hours of speech language therapy and fifty-five minutes of counseling for the 2005-2006 school year.

36. With the exception of the ESY issue, Hearing Officer Woods failed to address the issues of the Defendant failing to implement the IEP as written by providing speech language and counseling services to C.R. and whether this issue amounted to a denial of FAPE.

37. The October 2006 Hearing Officer's Determination found that no denial of FAPE occurred and dismissed the complaint with prejudice.

Wherefore, the plaintiff prays that this Court:

1. Remand the October 2006 Hearing Officer's Decision with instructions to the Hearing Officer to decide the issues presented in the July 2006 Administrative Due Process Complaint;

2. Award Plaintiff's attorney fees and costs of this action;

3. Award any other relief that the Court deems just and proper.

Respectfully submitted,

Tilman L. Gerald No.928796
Roxanne D. Neloms No. 478157
James E. Brown & Associates, PLLC
1220 L. Street, NW, Suite 700
Washington, DC 20005
(202)742-2000 (Tele.)
Counsel for Plaintiff