UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **MICHELLE ROBINSON** | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 07Cv-0005(RMU) |
| | : | |
| v. | : | |
| | : | |
| **DISTRICT OF COLUMBIA, <u>et al</u>.** | : | |
| | : | |
| Defendants. | : | |
| | : | |

### PLAINTIFF'S OPPOSITION TO THE
### DEFENDANTS' MOTION TO DISMISS

COMES NOW, the Plaintiff, Michelle Robinson, by and through her attorney, Tilman L. Gerald, Esquire, Roxanne D. Neloms, Esquire and James E. Brown & Associates, PLLC, and hereby opposes the Motion to Dismiss filed herein against her by the Defendants for the reasons that are more specifically set forth in the Memorandum of Points and Authorities Submitted in Support of Her Opposition to the Defendants' Motion to Dismiss filed contemporaneously herewith and incorporated herein as though set forth in its entirety.

Respectfully submitted,

/s/
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
**James E. Brown & Associates, PLLC**
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098 facsimile
*Attorneys for Plaintiff*
*Michelle Robinson*

1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MICHELLE ROBINSON | : | |
| | : | |
| Plaintiff, | : | Civil Action No. 07Cv-0005(RMU) |
| | : | |
| v. | : | |
| | : | |
| DISTRICT OF COLUMBIA, <u>et al</u>. | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
SUBMITTED IN OPPOSITION TO THE DEFENDANTS' MOTION TO DISMISS**

COMES NOW, the Plaintiff, Michelle Robinson, by and through her attorney, Tilman L. Gerald, Esquire, Roxanne D. Neloms, Esquire and James E. Brown & Associates, PLLC, and in Plaintiff's Memorandum of Points and Authorities Submitted in Support of Her Opposition to the Defendants' Motion to Dismiss respectfully represents unto this Honorable Court as follows:

In their pending Motion to Dismiss Plaintiff's Complaint, the Defendants are challenging the timeliness within which the Plaintiff lodged her complaint. The Defendant have argued that this Honorable Court should dismiss Plaintiff's complaint for want of subject matter jurisdiction because Plaintiff filed her complaint on January 3, 2007 rather than on or before January 1, 2007. The Defendant complains that since the complaint was filed on January 3, 2007, ninety-two (92) days after the Hearing Officer Determination was issued on October 3, 2006, the complaint is untimely and thus, this Honorable is absent jurisdiction to hear this case.

Although Plaintiff is in full agreement that the applicable statute of limitations with respect to an appeal from an administrative due process hearing under the IDEIA is ninety (90) days from

the date the Hearing Officer's Determination is issued, *see 20 U.S.C.* §1415(i)(2)(B), Plaintiff submits that the Defendants' motion to dismiss was improvidently and imprudently filed, devoid of substance, merit and good faith. To wit, the Defendants surely had to know, as it is very obvious that they counted the days, that the ninety (90) day period began to run on October 4, 2006 and ended on January 1, 2007, New Years Day, which is a legal holiday day and a day on which this court was closed. Plaintiff did not have access to the courthouse on January 1, 2007 and consequently was unable to file her complaint. President Bush declared the following day, January 2, 2007, as a national day of mourning for former President Gerald Ford. The courthouse was again inaccessible to Plaintiff and she was unable to file her complaint. January 3, 2007 was the next business day on which this court was open thereby providing Plaintiff with the accessibility she required to file the original complaint in this action and which was accomplished consistent with the Federal Rules of Civil Procedure 6 (a).

Rule 6 of the Federal Rules of Civil Procedure sets forth the manner and method by which time is computed for any period allowed by the rules. Specifically, Rule 6(a), entitled "Computation" provides as follows:

> "In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated time period begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, or when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the court inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. ...As used in this rule and Rule 77(c), "legal holiday" includes New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Veterans Day, Thanksgiving

>Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held..."

Even a cursory reading of the above-referenced rule indicates with abundant clarity and resoluteness that Plaintiff filed her complaint timely. The issue of untimeliness, as has been raised by the Defendants, is made with full knowledge that the final day of the applicable 90 day period fell on New Year's Day, a legal holiday under Rule 6(a) and the next day (91st day), January 2, 2007, was a legal holiday declared by the President as a national day of mourning and therefore was appropriately and properly excluded from the computation of the applicable statute of limitation. The Defendant's argument that the complaint is untimely lacks vitality and neither warrants nor deserves serious consideration by this court.

One would rightly question what motivated the Defendant's to lodge the instant motion given the knowledge that they are presumed to have of the rules governing procedural matters in this court generally and more specifically rules relating to the computation of time. Moreover, the cases relied upon by the Defendants to support its arguments are not on point with the facts of the instant case and consequently, any support offered, beyond establishing the limitation period, is minimal and insignificant. The refusal of the Defendants to acknowledge the correct application and/or interpretation of the rules relating to computation takes on added importance given the Defendant's refusal to withdraw their motion, especially after being advised of the pertinent provisions of Rule 6 of the Federal Rules of Civil Procedure, speaks volumes about the quality of the motion and the lack of good faith with which it has been made. (See letter written to Defendant's Counsel on April 25, 2007, appended hereto as Exhibit #1). The motion, on its face, is indisputably frivolous and without the necessary underpinnings of good faith and diligence.

In conclusion, Plaintiff asserts that her complaint, filed on January 3, 2007, was timely filed given the two consecutive holidays that fell on January 1 and 2, 2007, respectively and accordingly enter an order denying the Defendants' motion to dismiss. Further, given the fact that the Defendants knew or had reason to know that the subject holidays were to be excluded in the computation of time, and even after having been advised of same, refused to withdraw the instant motion requiring Plaintiff to respond to same, Plaintiff seek reasonable attorneys' fee incurred in having to respond to a motion to dismiss that was frivolous from the outset, lacked merit and was made in bad faith.

Respectfully submitted,

/s/
Tilman L. Gerald [928796]
Roxanne D. Neloms [478157]
**James E. Brown & Associates, PLLC**
1220 L Street, N. W., Suite 700
Washington, D.C. 20005
202.742.2000
202.742.2098 facsimile

*Attorneys for Plaintiff*
*Michelle Robinson*

# JAMES E. BROWN & ASSOCIATES, PLLC
*A Professional Limited Liability Company*

| | | |
|---|---|---|
| James E. Brown | Attorneys at Law | Juan J. Fernandez! |
| Domiento C.R. Hill | 1220 L Street, NW | Tilman L. Gerald |
| Roberta Gambale | Suite 700 | John A. Straus |
| Miguel A. Hull | Washington, DC 20005 | Christie Fontaine-Covington |
| Christopher L. West | Telephone: (202) 742-2000 | Roxanne Neloms |
| | Facsimile: (202) 742-2098 | Omar Karram |
| | e-mail: Admin@Jeblaw.biz | |

! Admitted in Bolivia Only

April 25, 2007

**Via Facsimile and Regular Mail**

Maria Merkowitz, Esquire
Assistant Attorney General
Office of the Attorney General
for the District of Columbia
441 4th Street, N. W., 6th Floor
Washington, D.C. 20001

        RE: **Robinson v. District of Columbia**
           Civil Action No. 07-05

Dear Ms. Merkowitz:

  I have reviewed the motion to dismiss that you recently filed in the captioned matter. In the motion you argue that the complaint was not filed timely and accordingly should be dismissed. Specifically, you assert that the complaint was filed on January 3, 2007 but it should have been filed on or before January 1, 2007. Prior to filing an opposition thereto, I thought you should know that the complaint was filed timely and consistent with the Rule 6 of the Federal Rules of Civil Procedure. As you know, the Federal Court was closed on January 1, 2007 for New Years' Day as well as on January 2, 2007, the day President Bush declared as the "Day of Mourning" for former President Gerald Ford. Therefore, in light of the foregoing, it is rather obvious that the as motion filed lacks merit and I here offer you the opportunity to withdraw the said motion by the close of business April 26, 2007. If you do not advise me in writing that you have withdrawn your motion by the aforementioned time, I will presume that you have not intent to do so and will respond to your motion accordingly. A response within the time specified herein is imperative.

           Very truly yours,

           JAMES E. BROWN & ASSOCIATES, PLLC

           Tilman L. Gerald

cc: James E. Brown, Esquire
  Domiento C.R. Hill, Esquire
  Roxanne Neloms, Esquire
TLG:MMerkowitz.Robinsonv.Districtof Columbia.CivilActionNo.07-05

```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              4368
CONNECTION TEL                      97273625
CONNECTION ID
ST. TIME              04/26 08:20
USAGE T               00'29
PGS. SENT             2
RESULT                OK
```

# facsimile
## TRANSMITTAL

to: Maria Merkowitz, Esquire
fax #: 202.727.3625
re: <u>Robinson v. District of Columbia et al.</u>
date: April 25, 2007
pages: Two, including this cover sheet.

**IF YOU DO NOT RECEIVE ALL OF THE PAGES, PLEASE CALL US AT (202)742-2000**

This communication is intended only for the use of the individual to whom addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If you are not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If your receipt of this communication is in error, please notify our office immediately by telephone and return the original communication to us at the above address via the U.S. Postal Service.

Thank you