**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MICHELLE ROBINSON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 07-0005 (RMU) |
| DISTRICT OF COLUMBIA *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' CONSENT MOTION TO FILE ANSWER**
**TO AMENDED COMPLAINT OUT OF TIME**

Come now defendants, by counsel, and move this honorable Court, pursuant to FRCP 6 (b)(2), for an extension of time, *nunc pro tunc,* up to and including this date, to file their Answer to Plaintiffs' Amended Complaint.  As grounds for said request, the undersigned states that plaintiff filed an Amended Complaint on March 30, 2007.  Service was effectuated on defendants on March 4, 2007.  Accordingly, a response from defendants was due on April 24, 2007.  On April 20, 2007, defendants filed a Motion to Dismiss the Amended Complaint, which they withdrew on May 4, 2007.  Thus, defendants seek this additional time to file their Answer, which is attached to the instant motion.  Plaintiff has consented to this extension of time and will not be prejudiced by the delay.

Respectfully submitted,

LINDA SINGER
Attorney General for the District of Columbia

        GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Edward P. Taptich
EDWARD P. TAPTICH [012914]
Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

May 14, 2007

3

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| MICHELLE ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07-0005 (RMU) |
| | ) | |
| DISTRICT OF COLUMBIA *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

1. FRCP 6 (b) (2)

2. The inherent powers of the court.

3. Plaintiff's consent to this motion.

                              Respectfully submitted,

                              LINDA SINGER
                              Attorney General for the District of Columbia

                              GEORGE C. VALENTINE
                              Deputy Attorney General, Civil Litigation Division

                              <u>/s/ Edward P. Taptich</u>
                              EDWARD P. TAPTICH [012914]
                              Chief, Equity, Section 2

/s/ Maria L. Merkowitz
MARIA L. MERKOWITZ [312967]
Senior Litigation Counsel
441 4th Street, N.W.,   Sixth Floor North
Washington, DC 20001
(202) 442-9842
FAX  -  (202) 727-3625
E-mail – maria.merkowitz@dc.gov

4

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MICHELLE ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 07-0005 (RMU) |
| ) | |
| DISTRICT OF COLUMBIA *et al*., ) | |
| ) | |
| Defendants. ) | |

### **ORDER**

Upon consideration of Defendants' Consent Motion for an Extension of time to file an Answer to Plaintiff's Amended Complaint and the entire record herein, it is this ___ day of _____ 2007, hereby

ORDERED, that the Defendants' Motion is granted, and,

IT IS FURTHER ORDERED, that Defendants shall have up to and including, May 14, 2007, in which to file their Answer to Plaintiff's Amended Complaint.

_____
United States District Court Judge

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
_____
                              )
Michelle Robinson, parent and )
next friend of C.R., a minor  )
                              )
        Plaintiff,            )
                              )
        v.                    )  Civil Action No.07-0005 (RMU)
                              )
District of Columbia, et al., )
                              )
        Defendants.           )
_____)
```

ANSWER TO THE FIRST AMENDED COMPLAINT

Paragraph numbers below correspond to the paragraph numbers in the amended complaint.

1. Defendants admit the existence of the statutory authorities alluded to in paragraph numbered 1, but deny that jurisdiction is necessarily conferred on the court solely thereby.

2-3. Defendants admit the existence of the statutory authorities alluded to in paragraphs numbered 2 through 3, but deny that relief and venue are necessarily authorized or proper solely by reason thereof.

4-5. Defendants admit the allegations contained in paragraphs numbered 4 through 5.

6. Defendants admit the District of Columbia is a

municipal corporation. The remaining allegations contained in paragraph numbered 6 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

    7.  Defendants admit Clifford B. Janey is the Superintendent of the District of Columbia Public Schools (DCPS). The remaining allegations contained in paragraph numbered 7 are conclusions of law and/or fact of the pleader to which no response is required. If a response is required, then the same are denied.

    8.  Defendants admit the allegations contained in paragraph numbered 8.

    9.  The allegations contained in paragraph numbered 9 are a characterization of the November 29, 2004 IEP to which no response is required. The November 29, 2004 IEP speaks for itself.

    10. Defendants admit that at the November 2, 2005 Multi-disciplinary Team (MDT) meeting, the MDT team reduced the number of specialized instruction C.R. was to receive. The remaining allegations contained in paragraph numbered 10 are denied.

    11.  The allegations contained in paragraph numbered 11 are denied.

    12.  Defendants admit that counsel for Plaintiff

forwarded a letter on July 14, 2006 to Ms. Hart, Special Education Coordinator. The remaining allegations contained in paragraph numbered 12 are unintelligible.

13. Defendants admit that an administrative due process hearing request was filed on July 14, 2006. The remaining allegations contained in paragraph numbered 13 are a characterization of the administrative due process hearing request to which no response is required. The administrative due process hearing request speaks for itself.

14. The allegations contained in paragraph numbered 14 are denied.

15. Defendant admits that at the October 3, 2006 hearing, Hearing Officer Frederick Woods granted the defendant's motion for a directed finding. The remaining allegations contained in paragraph numbered 15 are denied.

16. The allegations contained in paragraph numbered 16 are a characterization of the Hearing Officer's Determination (HOD) issued October 3, 2006 to which no response is required. The Hearing Officer's Determination speaks for itself.

17. Defendants incorporate by reference their answers to paragraphs numbered 1 through 16.

18. The allegations contained in paragraph numbered

18 are a characterization of the October 3, 2006 hearing to which no response is required. The transcript of the October 3, 2006 hearing speaks for itself.

19.  Defendants admit that Plaintiff did not accept the offer of settlement tendered by the Defendant. Defendants are without sufficient knowledge to respond to the remaining allegations contained in paragraph numbered 19.

20.  The allegations contained in paragraph numbered 20 are a characterization of the Hearing Officer's Determination issued October 3, 2006 to which no response is required. The Hearing Officer's Determination speaks for itself.

21. The allegations contained in paragraph numbered 21 are a characterization of the Administrative Due Process Complaint to which no response is required. The Administrative Due Process Complaint speaks for itself.

22-25. The allegations contained in paragraphs numbered 22-25 are a characterization of the September 22, 2006 administrative hearing to which no response is required.  The transcript of the September 22, 2006 administrative hearing speaks for itself.

26. The allegations contained in paragraph numbered 26 are conclusions of law and of the pleader to which no

response is required. If a response is required, then the same are denied.

27-28. The allegations contained in paragraphs numbered 27-28 are conclusions of law and of the pleader to which no response is required. If a response is required, then the same are denied.

29. Defendants incorporate by reference their answers to paragraphs numbered 1 through 28.

30. The allegations contained in paragraph numbered 30 are conclusions of law and of the pleader to which no response is required. If a response is required, then the same are denied.

31-32. The allegations contained in paragraphs numbered 31-32 are characterizations of the October 2006 Hearing Officer's Determination to which no response is required. The Hearing Officer's Determination speaks for itself.

33. Defendants incorporate by reference their answers to paragraphs numbered 1 through 32.

34. The allegations contained in paragraph numbered 34 are a characterization of the July 2006 administrative due process hearing request to which no response is required. The administrative due process hearing request speaks for itself.

35-37. The allegations contained in paragraphs numbered 35-37 are characterizations of the Hearing Officer's Determination. The HOD speaks for itself.

Further answering the complaint, defendants deny all allegations not specifically admitted or otherwise answered and all allegations of wrongdoing.

### FIRST AFFIRMATIVE DEFENSE

This complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to exhaust her administrative remedies on all pertinent issues.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the applicable statute of limitations or laches.

### FOURTH AFFIRMATIVE DEFENSE

The Hearing Officer's Decision was well reasoned and appropriate.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's right to attorney fees and costs is strictly limited.

        Respectfully submitted,

        LINDA SINGER,
        Attorney General for the
        District of Columbia

        GEORGE VALENTINE
        Deputy Attorney General
        Civil Litigation Division


        <u>/s/ Edward P. Taptich</u>
        EDWARD P. TAPTICH [012914]
        Chief, Equity Section 2


        <u>_/s/ Maria Merkowitz</u>
        MARIA MERKOWITZ, [312967]
        Assistant Attorney General
        Equity Division
        441 4th Street, N.W., 6S
        Washington, D.C. 20001
        (202)442-9842
        Fax – (202) 727-3625
        Email–maria.merkowitz@dc.gov

May 14, 2007